**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CLAUDE LEE PATY,** ) | |
| Plaintiff, ) | |
| v. ) | No. 3:15-CV-3201-L (BF) |
| **CAROLYN W. COLVIN,** Acting ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Claude Lee Paty ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying his claim for disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). Pl.'s Br. 1, ECF No. 24. For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that he is disabled due to a variety of ailments including stage 7 prostate cancer, diabetes, HBP, tinnitus, loss of hearing, ischemic heart condition, neuropathy, and cataracts. Tr. 150, ECF No. 12-7. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on March 25, 2015 in Dallas, Texas before ALJ Anne H. Pate (the "ALJ"). Tr. 28, ECF No. 12-3. Plaintiff was born on August 28, 1948 and at the time of the hearing, Plaintiff was 66 years old. Tr. 146, ECF No. 12-7. Plaintiff testified that he has a bachelor's degree in business management. Tr. 34, ECF No. 12-3. Plaintiff has past work experience as a production planner. Tr. 42, ECF No. 12-3.

Plaintiff testified that he ceased working as a production planner because the stress involved in that job negatively affected his heart. Tr. 36, ECF No. 12-3. Plaintiff has not engaged in substantial gainful activity since January 1, 2011. Tr. 151, ECF No. 12-7.

The ALJ issued her decision on May 27, 2015 finding that Plaintiff has not been under a disability as defined in the Social Security Act from the alleged onset date of January 1, 2011 through the date last insured on June 30, 2014. Tr. 20-21, ECF No. 12-3. The ALJ determined that Plaintiff had the severe impairment of diabetes. Tr. 13, ECF No. 12-3. The ALJ determined that, through the date last insured, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Tr. 18, ECF No. 12-3. The ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). Tr. 18, ECF No. 12-3. The ALJ determined that Plaintiff was able to perform his past relevant work as a production planner. Tr. 19, ECF No. 12-3. In the alternative, the ALJ determined that Plaintiff was also able to perform the tasks of the following occupations: (1) industrial cleaner; (2) hand packager; and (3) hospital cleaner. Tr. 20, ECF No. 12-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on August 10, 2015, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 12-3. Plaintiff subsequently filed this action in the district court on October 2, 2015. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire*

*v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

3

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the

existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues in his brief that, while the ALJ only found that Plaintiff has severe diabetes and non-severe anxiety, the record supports a finding that Plaintiff suffers from severe diabetic neuropathy, cataracts, ischemic heart disease, sensorineural hearing loss, tinnitus, PTSD, bilateral foot impairments, chronic kidney disease, prostate cancer, degenerative joint disease of the spine, and right upper arm injury. Pl.'s Br. 3, ECF No. 24. Plaintiff points out his testimony where he stated that: (1) he stopped working after being diagnosed with heart problems in 2009, (2) his worsening neuropathy affected his ability to walk, (3) his cancer led to incontinence and affected his ability to lift, stand, walk, kneel, hear, and climb stairs, (4) he had hearing problems, (5) his PTSD affected his sleep because he woke up from nightmares and experienced anxiety, (6) he experienced weakness, fatigue, and shortness of breath, and (7) he had difficulties taking care of his personal needs. Pl.'s Br. 4, ECF No. 24; Tr. 36-41, ECF No. 12-3; Tr. 160-86, ECF No. 12-7; Tr. 259-61, ECF No. 12-8. Plaintiff contends that his testimony is supported by the VA's 100% disability rating. Pl.'s Br. 4, ECF No. 24. Plaintiff argues that if his statements were given the benefit of the doubt, the ALJ would have found that Plaintiff was unable to perform medium work for 8 hours a day on a sustained basis. Pl.'s Br. 5, ECF No. 24. Plaintiff argues that the ALJ's decision is not supported by substantial evidence because she failed to consider all the impairments supported by the record. Pl.'s Br. 6, ECF No. 24.

5

Plaintiff argues that the ALJ also erred by failing to give proper weight to a physical therapist, Terry Sadler's opinion, based on an examination, that Plaintiff was not capable of performing the full range of sedentary work, due to his impairments. Pl.'s Br. 6, ECF No. 24. Plaintiff argues that, while a physical therapist's opinion may not be considered an acceptable medical source and his opinion cannot be used to establish the existence of a medically determinable impairment, his opinion can still be used to determine the severity of Plaintiff's impairments and how they affected his ability to function. Pl.'s Br. 6-7, ECF No. 24. Plaintiff argues that while the ALJ gave greater weight to a non-examining source, Dr. Kelvin Samaratunga, Dr. Samaratunga's opinion regarding Plaintiff's ability to perform medium work was solely based on an incomplete review of the medical records, while the physical therapist actually examined Plaintiff. Pl.'s Br. 7, ECF No. 24. Furthermore, Plaintiff argues that the ALJ failed to indicate what weight he gave to the opinion of state agency medical consultant Dr. Richard Campa. Pl.'s Br. 7, ECF No. 24. Plaintiff argues that while the ALJ may not pick and choose the evidence from the record, the ALJ erroneously dismissed the RFC opinion of the physical therapist without sufficient rationale and/or explanation. Pl.'s Br. 7, ECF No. 24. Therefore, Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. Pl.'s Br. 8, ECF No. 24.

In the response, the Commissioner points out that Plaintiff has the burden of proof at step two of the sequential analysis and that an alleged severe impairment must be supported by objective medical evidence. Def.'s Br. 5, ECF No. 25. The Commissioner argues that the ALJ thoroughly analyzed the record with respect to Plaintiff's impairments and substantial evidence supports the ALJ's step two findings. Def.'s Br. 5, ECF No. 25. With respect to Plaintiff's claim that the VA's 100% disability rating supports his step two argument, the Commissioner points out that the Fifth

6

Circuit has long held that a VA disability rating is not binding on the Commissioner, because the criteria applied by the two agencies vary. Def.'s Br. 9-10, ECF No. 25. With respect to the opinion of the physical therapist, Terry Sadler, the Commissioner points out that Plaintiff concedes that he is not an acceptable medical source, because he is not a physician, and that his opinion does not suffice to establish a medically determinable impairment. Def.'s Br. 10, ECF No. 25. In addition, the Commissioner points out that, in addition to not being an acceptable medical source, the physical therapist only examined Plaintiff one time. Def.'s Br. 10, ECF No. 25. Given these reasons, the Commissioner argues that the physical therapist's opinion is not entitled to any of the deference that is typically given to a treating medical provider. Def.'s Br. 10-11, ECF No. 25. The Commissioner further argues that while Plaintiff criticizes the ALJ for giving partial weight to the opinion of state agency medical consultant, Dr. Kelvin Samaratunga, Dr. Samaratunga's opinion is based on a review of medical evidence spanning over many years, rather than the one time assessment of the non-physician Sadler. Def.'s Br. 11, ECF No. 25. The Commissioner argues that while Plaintiff accuses the ALJ for picking and choosing the evidence that supports her findings, it is Plaintiff who is actually picking and choosing the opinion of a one time non-physician to support his disability claim. Def.'s Br. 11, ECF No. 25.

Plaintiff points out in his brief that the ALJ never mentioned the VA's 100% disability rating in her decision. Pl.'s Br. 4 n.1, ECF No. 24. While the Commissioner correctly points out that a VA's disability rating is not binding on the Commissioner, the Commissioner does not dispute Plaintiff's contention that the ALJ failed to mention the rating in her decision. Def.'s Br. 9-10, ECF No. 25. "A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a

7

certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)). "In *Rodriguez* and its progeny, [the Fifth Circuit] ha[s] sometimes referred to a VA disability determination as being entitled to 'great weight.'" *Id.* "while this is true in most cases, the relative weight to be given to this type of evidence will vary depending upon the factual circumstances of each case." *Id.* "Since the regulations for disability status differ between the SSA and the VA, ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so." *Id.* If the "ALJ consider[s] the VA disability determination and set[s] forth valid reasons for giving the determination diminished weight, [courts] cannot say that the ALJ erred simply because [s/he] did not give 'great weight' to the VA disability determination." *Id.*

Here, because the ALJ failed to discuss the VA's 100% disability rating in her decision, it is unclear to the undersigned as to whether the ALJ overlooked the rating or if it was considered and rejected. If it is the case that the ALJ considered and rejected the VA disability rating, she failed to adequately explain her reasons for not giving the rating great weight as required. *See id.*; Tr. 272, ECF No. 12-8; Tr. 2370, ECF No. 14-10. Furthermore, the ALJ's failure to discuss the disability rating in her decision demonstrates a lack of the scrutiny and meaningful consideration required of the VA rating. *See Rodriguez*, 640 F.2d at 686 ("Although the ALJ mentioned the Veterans Administration disability rating on *Rodriguez*, he obviously refused to give it much weight. A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight. . . . A VA rating of 100% disability should have been more closely scrutinized by the ALJ. We find that there is not substantial evidence in the record to support the

8

ALJ's findings." (citing *Epps. v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *DePaepe v. Richardson*, 464 F.2d 92, 99 (5th Cir. 1972))). *See also Alvarez v. Comm'r*, No. 2:15-CV-363-FTM-MRM, 2016 WL 4651373, at *4-5 (M.D. Fla. Sept. 7, 2016) ("In *Rodriguez v. Schweiker*, the Court remanded the case, in part, because the ALJ did not closely scrutinize the VA's disability rating of the claimant. . . . In the present case . . . [t]he total disability when combined equals 100 percent. . . . The Commissioner nowhere disputes this contention. . . . Because the ALJ did not discuss or consider the VA's Rating Decision in any meaningful respect, this case appears to be directly analogous to *Rodriguez* . . . .Because the ALJ failed to consider the VA's disability rating in making a disability determination in this case, the Court reverses the Commissioner's decision and remands the case to the Commissioner to consider the VA's disability rating and accompanying Rating Decision." (citing *Rodriguez*, 640 F.2d at 686)).

In consideration of the foregoing, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and must be remanded for further consideration. Because the undersigned finds that reversal is warranted based on the ALJ's lack of meaningful consideration of the VA's disability rating, the undersigned pretermits consideration of Plaintiff's alternative ground for reversal as he can raise it on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

**RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 20th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).